Peter Strojnik, State Bar No. 6464
**STROJNIK P.C.**
2375 East Camelback Road Suite 600
Phoenix, Arizona 85016
Telephone:  (602) 524-6602
ADA@strojnik.com
Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| | Case No: 2:17-CV-02792-GMS |
| Fernando Gastelum,<br><br>Plaintiff,<br><br>vs.<br><br>Canyon Hospitality LLC<br><br>Defendants. | **PLAINTIFF'S OBJECTION TO DEFENDANT'S MOTION TO TRANSFER CASE AND/OR IN THE ALTERNATIVE, MOTION TO CONSOLIDATE**<br><br>(Oral Argument Requested) |

### SUMMARY

Defendant wishes to transfer or consolidate *Gastelum v. Canyon Hospitality LLC and Grand Canyon Education, Inc.* 2:18-cv-01941-DGC (Canyon Hospitality 2) with this case (Canyon Hospitality 1). Defendant claims that Canyon Hospitality 1 remains "pending". This is incorrect.

Canyon Hospitality 1 was dismissed on My 25, 2018. *See* Exhibit 1, Order of Dismissal in Canyon Hospitality 1. Canyon Hospitality 1  is presently pending before the 9th Circuit court of Appeals, *see* Doc at 44, Notice of Appeal, Exhibit 2, and the 9th Circuit Court of Appeals Case Number 18-16032, *Gastelum v. Canyon Hospitality, LLC*.

Since there is no Canyon Hospitality 1 case "pending", there can be no consolidation or transfer.

The Appeal of Canyon Hospitality 1 was brought as a result of Judge Snow's ruling that Mr. Gastelum lacked standing to pursue his ADA claims. This is significant because in Canyon Hospitality 2 Plaintiff went to extraordinary lengths to allege and prove all

manners of 9th Circuit ADA standing in the Verified Complaint, Doc 1, and in the Petition for  Preliminary Injunction, Doc 8, both filed in Canyon Hospitality 2.

There are no *standing* similarities between Canyon Hospitality 1 and Canyon Hospitality 2.  Plaintiff concedes, however, that there are substantial substantive similarities between ADAAG violations alleged in Canyon Hospitality 1 and Canyon Hospitality 2.  However, Canyon Hospitality 1 never reached the substance of these violations.

## PENDING PETITION FOR PRELIMINARY INJUNCTION

A Petition for Preliminary Injunction is pending in Canyon Hospitality 2. *See*  Doc 8 dated June 21, 2018.  In the Petition, Plaintiff notes that he has a confirmed accessible room reservation at Defendant's hotel for October 27, 2018. Plaintiff's Petition requests that the Court issue preliminary injunction against Defendant sufficiently in advance of October 27, 2018 to permit Defendant to remediate all ADAAG violations by that date.

## MEMORANDUM OF POINTS AND AUTHORITIES

**1.  Canyon Hospitality 1 case is not Pending.**

As indicate in the Summary, Canyon Hospitality 1 has been dismissed and is currently pending in the 9th Circuit Court of Appeals. There is, therefore, no "pending" case upon which to attach Canyon Hospitality 2.

**2. The Standing Issues Between Canyon Hospitality 1 And Canyon Hospitality 2 Are Completely Different.**

In his decision in Canyon Hospitality 1, the Honorable Judge Snow did not explain what quantum of proof is required to prove "intent to return".  Is it *beyond a reasonable doubt*? Is it *clear and convincing*? Is it *preponderance of the evidence*? Or is it, as this paper suggests, the *plausibility* standard explained by the *Daniels Principle*?

Canyon Hospitality 1 decision appears to employ the "clear and convincing" or merely "convincing" standard of proof since the decision is based on the Court not being *convinced* by the mountain of evidence that Plaintiff intended to return to the referenced hotel. This is the wrong standard. *See D'Lil v. Best Western Encina Lodge & Suites*, 538

F.3d 1031 (9th Cir., 2008) referencing the *plausibility* standard and the *Nanni*[1] decision explaining it.

Irrespective of the standard of proof employed, the *Canyon Decision* is based on a single judge's opinion that ADA standing can be proven *only* with proof of *intent to return*. According to the decision, proof of continuing discrimination[2], the deterrent effect doctrine[3], loss of opportunity[4], continued segregation[5] and the imposition of equitable nominal damages[6] are all irrelevant *unless* there is also a proven, credible *intent to return*. As stated in *Advocates for Individuals with Disabilities, LLC v. WSA Props. LLC*, 2010 F. Supp 3rd 1213 at 1219 (D. Ariz. 2016), the Honorable Judge Campbell confirmed the long standing 9th Circuit rule:

> Because the ADAAG establishes the technical standards required for "full and equal enjoyment," **if a barrier violating these standards relates to a plaintiff's disability, it will impair the plaintiff's full and equal access, which constitutes "discrimination" under the ADA. That discrimination satisfies the "injury-in-fact" element of *Lujan*.** As we have held, once a disabled plaintiff *has encountered a barrier* violating the ADA, "that plaintiff will have a 'personal stake in the outcome of the controversy' so long as his or her suit is limited to barriers related to that person's particular disability." *Chapman*, 631 F.3d at 947 (emphasis added, footnote and some citations omitted).

---

[1] *Nanni v. Aberdeen Marketplace, Inc.*, 878 F.3d 447 (4th Cir., 2017)

[2] *Advocates for Individuals with Disabilities, LLC v. WSA Props. LLC*, 2010 F. Supp 3rd 1213 at 1219 (D. Ariz. 2016)

[3] *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 949 (9th Cir. 2011) ("Demonstrating an intent to return to a noncompliant accommodation is but one way for an injured plaintiff to establish Article III standing to pursue injunctive relief."

[4] *Betancourt v. Ingram Park Mall*, 735 F.Supp. 2d 587, 602 (W.D. Tex. 2010)

[5] Several courts have specifically recognized that segregation is a cognizable injury under the ADA. *Helen v. DiDario*, 46 F.3d 325, 333 n. 15 (1995); *see also Chaffin v. Kansas State Fair Board*, 348 F.3d 850, 858 (2003) *overruled on other grounds as recognized by Muscogee (Creek) Nation v. Pruitt*, 669 F.3d 1159, 1167 n. 4 (10th Cir. 2012) (noting that Congress specifically identified "segregation" as a form of prohibited discrimination); *Mark H. V. Lemahieu*, 513 F.3d 922, 936 (9th Cir. 2008) (recognizing that the ADA prohibits segregation of disabled students in schools); *Fisher v. Oklahoma Health Care Authority*, 335 F.3d 1175 (10th Cir. 2003) (segregation of disabled individuals in institutions is prohibited by ADA).

[6] *Bayer v. Neiman Marcus Group, Inc.*, 861 F.3d 853 (9th Cir. 2017

### 3.  The *Daniels Principle*

The *Daniels* principle was announced by the 4th Circuit Court of Appeals in *Nanni v. Aberdeen Marketplace, Inc.*, 878 F.3d 447 (4th Cir., 2017) There, as here, the District Court found that Nanni, a wheelchair bound person, was not credible in his protestations of return, that Nanni was an ADA Tester, that Nanni had a significant ADA litigation history, that Nanni would only return to the Marketplace as "tester", that Nanni particular litigation history undermined the plausibility of his future injury theory and that Nanni was an opportunistic litigant, rather than a bona fide patron of the Marketplace.

Nanni specifically alleged that he planned to return as an "ADA tester." *Nanni* 878 F.3d 449.

The *Nanni* Court, as Plaintiff here, raise a serious concern with maintaining a Plaintiff's right to 1st Amendment access to the Courts. The *Nanni* Court stated, "[a]s we recognized in our *Daniels* decision—and emphasize again today—a citizen's 'right to sue and defend in the courts is one of the highest and most essential privileges of citizenship and is granted and protected by the Federal Constitution'. *See* 477 Fed.Appx. at 130 (alterations omitted) (quoting *Chambers v. Balt. & Ohio R.R. Co.*, 207 U.S. 142, 148, 28 S.Ct. 34, 52 L.Ed. 143 (1907) )." *Nanni* 878 F.3d 457.

Canyon Hospitality 1's rejection of Mr. Gastelum's professed intent to return to the hotel has the real life effect of denying Plaintiff the 1st Amendment right to redress. A court applying the *convincing* standard appoints itself a sentinel deciding who will be and who will not be granted access the courthouse. The decision whom to allow and whom to disallow access cannot be, however, based on one person's *subjective* perception of Plaintiff's credibility.  If the courthouse sentinel reaches a *subjective* conclusion that a plaintiff is not credible, then the courthouse door slams shut. It is perhaps for this reason, at least in part, that the Nanni Court confirmed the *Daniels Principle*, concluding that the standard of proof of intent to return is no more than *plausibility*.

*Plausibility* is a profoundly *objective* standard while *convincing* is a profoundly subjective standard.

The Court in *Nanni* found that once the ADA Plaintiff encounters accessibility barriers, plaintiff has alleged a past injury at a particular location and that his ***plausible***

intention to thereafter return to that location are sufficient to demonstrate the likelihood of future injury 787 F.3rd at 455-56:

> In our *Daniels* decision[7], we addressed—in a similar context—the sufficiency of allegations of the likelihood of future injury with respect to the ADA plaintiff's standing to seek equitable relief. *See* 477 Fed.Appx. at 129-30. We therein recognized that the complaint's allegations of past injuries on the plaintiff's earlier visits to the defendant property (the Lexington Market in Baltimore), coupled with his alleged intent "to continue to visit the Market in the future for his shopping needs," were sufficient to plead the likelihood of future injury. *Id.* (alteration and internal quotation marks omitted). We also observed that the complaint's allegation of a plan to return to the Market was plausible, in that the plaintiff "reside[d] in relatively close proximity to the Market," i.e., about twenty miles away. *Id.* at 127, 130.

> Importantly, the *Daniels* principle—that when an ADA plaintiff has alleged a past injury at a particular location, **his plausible intentions to thereafter return to that location are sufficient to demonstrate the likelihood of future injury**—is entirely consistent with the decisions of our fellow courts of appeals. *See, e.g.* , *Kreisler v. Second Ave. Diner Corp.*, 731 F.3d 184, 188 (2d Cir. 2013); *Gaylor v. Hamilton Crossing CMBS* , 582 Fed.Appx. 576, 580 (6th Cir. 2014) ; *Scherr v. Marriott Int'l, Inc.* , 703 F.3d 1069, 1074 (7th Cir. 2013) ; *Steger v. Franco, Inc.* , 228 F.3d 889, 892 (8th Cir. 2000) ; ***D'Lil v. Best W. Encina Lodge & Suites* , 538 F.3d 1031, 1037 (9th Cir. 2008)**; *Tandy v. Wichita* , 380 F.3d 1277, 1284 (10th Cir. 2004) ; *Houston v. Marod Supermarkets, Inc.* , 733 F.3d 1323, 1335 (11th Cir. 2013). Put simply, we are satisfied that the *Daniels* decision properly described and applied the pleading obligations for standing with respect to *Lujan* 's injury-in-fact element. We therefore adopt the *Daniels* principle and apply it in disposing of this appeal. (Emphasis supplied)

> \*\*\*

> Put simply, however, neither Nanni's status as an "ADA tester" nor his litigation history strips him of standing to sue Aberdeen. *See Houston [Houston v. Marod Supermarkets, Inc.* , 733 F.3d 1323, 1335 (11th Cir. 2013], 733 F.3d at 1332 (explaining that a plaintiff's "status as a tester does not deprive him of standing to maintain his civil action for injunctive relief under ... the ADA 's Title III"); *Daniels* , 477 Fed.Appx. at 130 (rejecting district court's reliance on plaintiff's litigation history to deem his future injury claim implausible).

> \*\*\*

---

[7] *Daniels v. Arcade, L.P.*, 477 Fed.Appx. 125, 129-30 (4th Cir. 2012)

At bottom, we reject the proposition that Nanni's motivations in pursuing his ADA claim against Aberdeen deprive him of standing to sue in these proceedings. And, predicated on our de novo review of the Complaint, we are satisfied that Nanni's standing to sue is sufficiently alleged.

But this is not the only reason why the *Nanni* decision is relevant to the 9th Circuit ADA litigation.  Perhaps the most important part is contained in footnote 7 where the Court draws the distinction between the 4th circuit and the 9th circuit rules of ADA standing:

> [7] We would be remiss if we failed to mention that certain courts of appeals have adopted a less stringent pleading requirement than the *Daniels* standard. **At least two courts have recognized that, once an ADA plaintiff has been injured by unlawful barriers to access, his allegation of "actual knowledge of illegal barriers at a public accommodation" is alone sufficient to show the likelihood of future harm for purposes of standing to sue. *See Pickern v. Holiday Quality Foods Inc.*, 293 F.3d 1133, 1135 (9th Cir. 2002)** ; *see also Dudley v. Hannaford Bros.*, 333 F.3d 299, 306-307 (1st Cir. 2003) (same) (Emphasis added)

### 4.  In Canyon Hospitality 2 Plaintiff Alleged – And Is Ready To Prove - All Relevant Standing Facts

The Canyon Hospitality 1 standing decision was based on Judge Snow's perception of Mr. Gastelum's credibility. *See* Exhibit 1, Order, Doc 42. The basis for the Court's finding of lack of credibility can be summarized as follows: (1) that *booking a hotel room* does not show intent of *visiting the hotel*, *Canyon Decision* at 15:7-11, (2) that Mr. Gastelum is just too poor to pay for the room, id. at 7:14-19[8], (3) that *Bell Atlantic* overrules FRCP Rule 9(b) (specifically stating that "condition of mind may be averred

---

[8] With respect to the Court's comment that Mr. Gastelum is just too poor to visit any hotels even after remediation, *see* Order at 7:14-19, Plaintiff notes that even poor people have the 1st Amendment Right to Redress their Grievances.

generally")[9] and by referring to the attorney-client relationship between Mr. Gastelum and Mr. Strojnik as an "enterprise", id. at 8:17.

Plaintiff reviewed and considered the Court's Order in Canyon Hospitality 1 with interest and made absolutely sure that the standing allegations in Canyon Hospitality 2 were indelibly beefed up to cover every nuance of ADA standing in the 9th Circuit. So, for example, in the Verified Complaint in Canyon Hospitality 2 (and in the Verified Petition for Preliminary Injunction, Doc 8) Plaintiff alleged under oath:

### ARTICLE III STANDING

1. Plaintiff recognizes that at an irreducible constitutional minimum, any plaintiff must show three elements to establish standing. *Chapman v. Pier 1 Imps. (U.S.), Inc*., 631 F.3d 939, 956 (9th Cir. 2011). First, the plaintiff must have suffered an "injury in fact"—an invasion of a legally protected interest which is both concrete and particularized, and actual or imminent, not conjectural or hypothetical. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992); see also *Spokeo v. Robins*, 136 S. Ct. 1540, 1548–49 (2016), as revised (May 24, 2016). In *Spokeo*, the Supreme Court made clear that "concrete" is not "necessarily synonymous with 'tangible'" and indicated a "risk of real harm" could satisfy the concreteness requirement. Id. at 1549. Second, there must be a causal connection between the injury and the conduct of which a plaintiff complains. *Lujan*, 504 U.S. at 560. The injury must be fairly traceable to the challenged action of the Defendants, and not the result of the independent action of some third party not before the court. Id.  Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. Id.

2. Because of prior orders of the District Court, see e.g., *Gastelum v. Canyon Hospitality*, No. 17-cv-02792-PHX-GMS at Doc. 42 (on appeal) ("Previous Lawsuit") and *Gastelum v. CP Buttes, LLC No.* No. CV-18-00940-PHX-GMS at Doc. 28 (on appeal), requiring Plaintiff to fact plead and prove constitutional standing, Plaintiff offers the following:

   a. Plaintiff is an amputee. Plaintiff uses a wheelchair or a prosthetic leg or both to ambulate. The ADAAG violations in this Verified Complaint relate to barriers to Plaintiffs mobility. This impairs Plaintiff's full and equal access to the lodging facility which, in turn, constitutes discrimination satisfying the "injury in fact" requirement of Article III of

---

[9] Rule 9(b) FRAUD OR MISTAKE; CONDITIONS OF MIND. In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other **conditions of a person's mind may be alleged generally**.

the United States Constitution. *See Advocates for Individuals with Disabilities, LLC v. WSA Props. LLC*, 2010 F. Supp 3rd 1213 at 1219 (D. Ariz. 2016).

b. Plaintiff intends to return to Defendants' PPA. Plaintiff demonstrates his intent to return to Defendants' noncompliant accommodation at a specific time when the Defendants' noncompliant accommodation becomes fully compliant. In connection with this allegation, Plaintiff offers the following non-exclusive facts and activities that bring Plaintiff to the Phoenix Metropolitan Area and seek lodging here:

  i.  Plaintiff resides in Casa Grande which is a city approximately 55-60 miles away from the Phoenix Metropolitan Are; and

  ii. Plaintiff regularly stays at Phoenix hotels; and

  iii. Plaintiff regularly travels to the Phoenix Metropolitan Area for business and pleasure; and

  iv. Plaintiff regularly travels to the Phoenix Metropolitan Area for the following additional non-exclusive reasons:

      a.  Attend sporting events; and

      b.  Shop; and

      c.  Attend karaoke bars; and

      d.  Meet with his attorney; and

      e.  Enjoy the City's many beautiful venues; and

      f.  Test PPA's for ADAAG compliance.

  v.  Plaintiff has sufficient funds to pay for lodging charges at ADA compliant PPAs.

c. As a direct result of Defendants' non-compliance with the ADA related to his disability as alleged elsewhere in this Verified Complaint, Plaintiff is deterred from returning, visiting or staying there. "Just as a disabled individual who intends to return to a noncompliant facility suffers an imminent injury from the facility's existing or imminently threatened noncompliance with the ADA, a plaintiff who is deterred from patronizing a store suffers the ongoing actual injury of lack of access to the store." *Chapman v. Pier 1 Imports*, 631 F.3d 939, 950 (9th Cir. 2011)

d.  As a direct result of Defendants' non-compliance with the ADA related to his disability as alleged elsewhere in this Verified Complaint, Plaintiff suffers a loss of opportunity afforded to gully abled individuals. *See Betancourt v. Ingram Park Mall*, 735 F.Supp. 2d 587, 602 (W.D. Tex. 2010)

e.  As a direct result of Defendants' non-compliance with the ADA related to his disability as alleged elsewhere in this Verified Complaint, Plaintiff has been segregated from able bodies population and has therefore suffered a cognizable injury under the ADA[10].

f.  Plaintiff has standing to pursue his claims for equitable nominal damages as alleged elsewhere in this Verified Complaint, *Bayer v. Neiman Marcus Group, Inc.*, 861 F.3d 853 (9th Cir. 2017).

g.  Plaintiff's injury is fairly traceable to Defendants' failure to comply with the ADA because Plaintiff is mobility disabled and Defendants' ADA violations relate to Plaintiff's mobility related disability.

h.  It is likely that Plaintiff's injuries described in this paragraph and elsewhere in this Verified Complaint will be redressed by a favorable decision.

Clearly, then, Defendant's position that the two cases are similar in the one respect that matters – standing – is simply wrong. It is true that Defendant Canyon Hospitality has declined to make any modifications to its extensive ADAAG violations and barriers and that its ADA violations remain substantially the same despite having *almost a year* to make corrections. Perhaps Canyon Hospitality should focus its energies in ADA compliance and spend less time harassing ADA Plaintiffs with frivolous motions.

---

[10] See, e.g., *Helen v. DiDario*, 46 F.3d 325, 333 n. 15 (1995); *see also Chaffin v. Kansas State Fair Board*, 348 F.3d 850, 858 (2003) *overruled on other grounds as recognized by Muscogee (Creek) Nation v. Pruitt*, 669 F.3d 1159, 1167 n. 4 (10th Cir. 2012) (noting that Congress specifically identified "segregation" as a form of prohibited discrimination); *Mark H. V. Lemahieu*, 513 F.3d 922, 936 (9th Cir. 2008) (recognizing that the ADA prohibits segregation of disabled students in schools); *Fisher v. Oklahoma Health Care Authority*, 335 F.3d 1175 (10th Cir. 2003) (segregation of disabled individuals in institutions is prohibited by ADA).

1

**CONCLUSION AND PRAYER FOR RELIEF**

2

Plaintiff respectfully requests that the Court deny Plaintiff's Motion. Alternatively,

3

Plaintiff requests an accelerated preliminary injunction hearing and/or decide this matter

4

on written briefs, sufficiently in advance of the October 27, 2018 stay to permit Defendants

5

to fully and completely comply with the ADAAG upon Plaintiff's visit

6

RESPECTFULLY SUBMITTED on the date in the header.

7

**STROJNIK, P.C.**

8

9

Peter Strojnik, 6464
Attorneys for Plaintiff

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

10