Peter Strojnik, State Bar No. 6464
**STROJNIK P.C.**
2375 East Camelback Road Suite 600
Phoenix, Arizona 85016
Telephone:  (602) 524-6602
ADA@strojnik.com
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

|  |  |
|---|---|
| Fernando Gastelum,<br><br>Plaintiff,<br><br>vs.<br><br>Canyon Hospitality, LLC and and Grand Canyon Education, Inc.,<br><br>Defendant. | Case No: 18-cv-01941 GMS<br><br>**RESPONSE TO Doc 29 OSC** |

### 1.  Standing

The Court requires Plaintiff to show cause which this case should not be dismissed for the same fact-based reasons that this division dismissed a series or prior cases.  The Court states:

> The Court has reviewed the Complaints in these cases and finds that they present the same issues as the cases which the Court has previously dismissed for lack of Article III standing: the Complaints contain similar boilerplate language, they allege similar types of ADA violations, the Plaintiff is the same, and they provides little to support the Plaintiff's intent to return to the hotel. (Doc. 1, p. 4). The Court orders Plaintiff to file a memorandum with the Court showing cause as to why this Complaint should not also be dismissed for lack of standing pursuant to the Court's May 25th Order in *Canyon Hospitality* and related cases and if it should not what about his new complaints establishes a sufficient likelihood that he would encounter the barriers in light of the facts previously determined at hearings with respect to his multiple complaints.

Plaintiff disagrees with the Court's characterization "similar boilerplate language" or that the current Verified Complaint contains "the same [standing] issues" as in the previous Verified Complaint against the same Defendant. Indeed, the current Complaint reflects a wealth of factual information inserted into the Standing portion *particularly to avoid the alleged deficiencies* in the previous Verified Complaint.

There has been no evidentiary hearing on this matter, therefore, the Court's decision must be based solely based on the allegations in the complaint, attached documents, and judicially noticed facts. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In a facial attack, the moving party asserts that the lack of federal subject matter jurisdiction appears on the "face of the pleadings." *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003). In the case of a facial attack, the court is required to accept as true all factual allegations set forth in the complaint, to the extent that all such allegations are not contradicted by the documents incorporated by reference. *See id.* Neither.

In his verified complaint, Plaintiff alleges under oath:

### ARTICLE III STANDING

15. Plaintiff recognizes that at an irreducible constitutional minimum, any plaintiff must show three elements to establish standing. *Chapman v. Pier 1 Imps. (U.S.), Inc.*, 631 F.3d 939, 956 (9th Cir. 2011). First, the plaintiff must have suffered an "injury in fact"—an invasion of a legally protected interest which is both concrete and particularized, and actual or imminent, not conjectural or hypothetical. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992); see also *Spokeo v. Robins*, 136 S. Ct. 1540, 1548–49 (2016), as revised (May 24, 2016). In *Spokeo*, the Supreme Court made clear that "concrete" is not "necessarily synonymous with 'tangible'" and indicated a "risk of real harm" could satisfy the concreteness requirement. Id. at 1549.  Second, there must be a causal connection between the injury and the conduct of which a plaintiff complains. *Lujan*, 504 U.S. at 560. The injury must be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court. Id.  Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. Id.

16. Because of prior orders of the District Court, see e.g., *Gastelum v. Canyon Hospitality*, No. 17-cv-02792-PHX-GMS at Doc. 42 (on appeal) and *Gastelum v. CP Buttes, LLC No.* No. CV-18-00940-PHX-GMS at Doc. 28 (on appeal), requiring Plaintiff to fact plead and prove constitutional standing, Plaintiff offers the following:

a. Plaintiff is an amputee. Plaintiff uses a wheelchair or a prosthetic leg or both to ambulate. The ADAAG violations in this Verified Complaint relate to barriers to Plaintiffs mobility. This impairs Plaintiff's full and equal access to the lodging facility which, in turn, constitutes discrimination satisfying the "injury in fact" requirement of Article III of the United States Constitution. *See Advocates for Individuals with Disabilities, LLC v. WSA Props. LLC*, 2010 F. Supp 3rd 1213 at 1219 (D. Ariz. 2016).

b. Plaintiff intends to return to Defendant's PPA. Plaintiff demonstrates his intent to return to Defendant's noncompliant accommodation at a specific time when the Defendant's noncompliant accommodation becomes fully compliant. In connection with this allegation, Plaintiff offers the following non-exclusive facts and activities that bring Plaintiff to the Phoenix Metropolitan Area and seek lodging here:

    i. Plaintiff resides in Casa Grande which is a city approximately 55-60 miles away from the Phoenix Metropolitan Area; and

    ii. Plaintiff regularly stays at Phoenix hotels; and

    iii. Plaintiff regularly travels to the Phoenix Metropolitan Area for business and pleasure; and

    iv. Plaintiff regularly travels to the Phoenix Metropolitan Area for the following additional non-exclusive reasons:

        a. Attend sporting events; and

        b. Shop; and

        c. Attend karaoke bars; and

        d. Meet with his attorney; and

        e. Enjoy the City's many beautiful venues; and

        f. Test PPA's for ADAAG compliance.

    v. Plaintiff has sufficient funds to pay for lodging charges at ADA compliant PPAs.

c. As a direct result of Defendant's non-compliance with the ADA related to his disability as alleged elsewhere in this Verified Complaint, Plaintiff is deterred from returning, visiting or staying there. ). "Just as a disabled individual who

intends to return to a noncompliant facility suffers an imminent injury from the facility's existing or imminently threatened noncompliance with the ADA, a plaintiff who is deterred from patronizing a store suffers the ongoing actual injury of lack of access to the store." *Chapman v. Pier 1 Imports*, 631 F.3d 939, 950 (9th Cir. 2011)

d. As a direct result of Defendant's non-compliance with the ADA related to his disability as alleged elsewhere in this Verified Complaint, Plaintiff suffers a loss of opportunity afforded to gully abled individuals. *See Betancourt v. Ingram Park Mall*, 735 F.Supp. 2d 587, 602 (W.D. Tex. 2010)

e. As a direct result of Defendant's non-compliance with the ADA related to his disability as alleged elsewhere in this Verified Complaint, Plaintiff has been segregated from able bodies population and has therefore suffered a cognizable injury under the ADA[1].

f. Plaintiff has standing to pursue his claims for equitable nominal damages as alleged elsewhere in this Verified Complaint, *Bayer v. Neiman Marcus Group, Inc.*, 861 F.3d 853 (9th Cir. 2017).

g. Plaintiff's injury is fairly traceable to Defendant's failure to comply with the ADA because Plaintiff is mobility disabled and Defendant's ADA violations relate to Plaintiff's mobility related disability.

h. It is likely that Plaintiff's injuries described in this paragraph and elsewhere in this Verified Complaint will be redressed by a favorable decision.

Since the premise ("similar boilerplate language") is incorrect, the proposed conclusion (dismissal) is causally not supportable.

It should be noted that the very boilerplate language that this division of the Court found lacking has been found sufficient in another division of this Court. See *Gastelum v. Pacific Heritage Inn of Chandler*, LLC at Doc 18, Exhibit 1 hereto.  It is worthy of note that in the *Pacific Heritage* Court did not accept the factual findings and conclusions of this Court in the *Canyon Hospitality* matter.

---

[1] See, e.g., *Helen v. DiDario*, 46 F.3d 325, 333 n. 15 (1995); *see also Chaffin v. Kansas State Fair Board*, 348 F.3d 850, 858 (2003) *overruled on other grounds as recognized by Muscogee (Creek) Nation v. Pruitt,* 669 F.3d 1159, 1167 n. 4 (10th Cir. 2012) (noting that Congress specifically identified "segregation" as a form of prohibited discrimination); *Mark H. V. Lemahieu*, 513 F.3d 922, 936 (9th Cir. 2008) (recognizing that the ADA prohibits segregation of disabled students in schools); *Fisher v. Oklahoma Health Care Authority*, 335 F.3d 1175 (10th Cir. 2003) (segregation of disabled individuals in institutions is prohibited by ADA).

So, both the District Court and the civil rights litigants are at crossroads, neither unanimous in their view of the constitutional standing standards. Therefore, Plaintiff prays, yet again, the announcement of definitive and unanimous guidance from the District Court relating to standing as alleged in the Verified Complaint, Doc. 1 and the credibility standard employed by this Division in the *Canyon Hospitality* matter.

**2. Response to OSC re L.R. Civ. 3(a).**

The Court further stated:

Further, in all four new cases, Plaintiff failed to identify the related prior cases on his civil cover sheet. L.R. Civ. 3(a). The Court orders Plaintiff to show cause why he should not be fined for failure to adequately comply with the filing requirements in this respect.

Rule 3(a) states:

CIVIL COVER SHEET. A pleading initiating a civil action must be accompanied by a completed JS 44 Civil Cover Sheet form.

The Arizona version of the JS 44 does not ask for related *prior* cases; it only asks for related *current* cases as evidenced by the form which asks for the identification of the Judge to whom the case is *currently* assigned[2].



See Exhibit 2, JS 44 form. The form asks for a cause number of a related case assigned to a Judge at the time of the submission of form JS 44. It does not ask for the case number of a *prior* case that had been dismissed and is *currently* pending on appeal. Therefore, this case was not related to another case assigned to another Judge at the time of filing of form JS 44.

This does not mean, however, that the District Court has no interest in cases related in other courts. The disclosure of related cases pending in other courts is not due at the time of the filing of the Complaint but at the time of the filing of the Joint Case

---

[2] The form does not distinguish *prior* from *current* related cases. However, a reasonable reading of block VIII which asks for the assignment to a Judge of a related case at the time of filing of the form permits no other interpretation.

Management Report. *See* e.g., Exhibit 3, 17-cv-02792-PHX-GMS at doc 10, *Order Setting Rule 16 Management Conference* ordering the parties to disclose: "9. The status of related cases **pending before other courts** or other judges of this Court" (emphasis added). Consequently, the disclosure of related cases pending before the 9th Circuit Court of Appeals is not due until the submission of the Joint Case Management Report.

**CONCLUSION**

The responsibility for filling out the Civil Cover Sheet and alleging and arguing standing matters lies squarely with counsel. Therefore, if the Court is inclined to issue sanctions, they should be imposed only against undersigned counsel.

RESPECTFULLY SUBMITTED this 4th day of August 2018.

**STROJNIK, P.C.**

_____
Peter Strojnik, 6464
Attorneys for Plaintiff