**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Fernando Gastelum, | No. CV-18-01271-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| Pacific Heritage Inn of Chandler LLC, | |
| Defendant. | |

Defendant Pacific Heritage Inn of Chandler LLC ("Defendant") has filed a motion to dismiss Plaintiff Fernando Gastelum's complaint (Doc. 1) for lack of subject matter jurisdiction. Doc. 10. The motion is fully briefed, and oral argument will not aid the Court's decision. Fed. R. Civ. P. 78(b). For the reasons that follow, the Court will deny the motion.

**I.    Background.**

Plaintiff is an amputee who requires the use of a wheelchair or prosthetic leg. Doc. 1 at 1 ¶ 2. On April 23, 2018, Plaintiff visited a third-party booking website, expedia.com, and Defendant's website, staybridge.com, to book a hotel room at Staybridge Suites Phoenix-Chandler, a hotel owned by Defendant. *Id.* at 6 ¶ 26, 10 ¶ 31. Neither website described accessibility features at the hotel in sufficient detail to permit Plaintiff to determine whether the hotel met his accessibility needs. *Id.* at 7 ¶ 30, 11 ¶ 34. Plaintiff called Defendant's hotel and spoke with a reservation clerk who assured him

1  that the hotel was compliant with the Americans with Disabilities Act ("ADA").  *Id.* at 14

2  ¶¶ 35-37.  Plaintiff subsequently visited the hotel "to independently verify that it was, at

3  least on the outside, suitable to accommodate his disability."  *Id.* at ¶ 38.  He discovered

4  that the hotel was "replete with accessibility barriers" that prevented him from accessing

5  the hotel, and he declined to book a room.  *Id.* at 14-15 ¶¶ 39-40.

6      On April 25, 2018, Plaintiff filed a complaint against Defendant, alleging

7  discrimination in violation of the ADA, 42 U.S.C. § 12101 et seq., and four Arizona tort

8  claims.  Doc. 1.  Defendant moves to dismiss, arguing that Plaintiff lacks Article III

9  standing.  Doc. 10.

10  **II.    Standing Principles and Approach.**

11      "A suit brought by a plaintiff without Article III standing is not a 'case or

12  controversy,' and an Article III federal court therefore lacks subject matter jurisdiction

13  over the suit."  *See Cetacean Cmty. v.  Bush*, 386 F.3d 1169, 1174 (9th Cir. 2004) (citing

14  *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101 (1998)).  Because standing is a

15  jurisdictional question, it is properly addressed under Rule 12(b)(1).  *Id.*; *see also*

16  *Kingman Reef Atoll Inv., L.L.C. v. United States*, 541 F.3d 1189, 1195 (9th Cir. 2008).

17      A motion to dismiss under Rule 12(b)(1) can be either a facial or factual attack on

18  jurisdiction.  *Thornhill Publ'g Co. v. Gen. Tel. & Elec. Corp.*, 594 F.2d 730, 733 (9th

19  Cir. 1979).  A facial attack asserts that the allegations in the complaint are "insufficient

20  on their face to invoke federal jurisdiction."  *Safe Air for Everyone v. Meyer*, 373

21  F.3d 1035, 1039 (9th Cir. 2004).  A factual attack "disputes the truth of the allegations

22  that, by themselves, would otherwise invoke federal jurisdiction."  *Id.*

23      In a facial attack, the complaint's allegations are taken as true and construed in

24  favor of the non-moving party.  *Jacobsen v. Katzer*, 609 F. Supp. 2d 925, 930 (N.D.

25  Cal. 2009) (citing *Fed'n of African Am. Contractors v. City of Oakland*, 96

26  F.3d 1204, 1207 (9th Cir. 1996)).  In a factual attack, the plaintiff's allegations are not

27  entitled to a presumption of truthfulness, the court may look beyond the pleadings, and

28  the plaintiff has the burden of proving jurisdiction.  *Safe Air for Everyone*, 373 F.3d

1 at 1039.  The plaintiff must "present affidavits or any other evidence necessary to satisfy

2 its burden[.]"  *St. Clair v. City of Chino*, 880 F.2d 199, 201 (9th Cir. 1989).

3    Defendant does not specify the basis of its motion to dismiss, but its arguments

4 focus on the allegations of the complaint.  Defendant asserts that the "[c]omplaint makes

5 clear that Plaintiff did not book a room at the subject hotel, has never visited the hotel

6 previously, and has no intention to return," and that Plaintiff consequently "has not

7 demonstrated any real threat of repeated injury or been injured-in-fact."  Doc. 10 at 2.

8 Defendant presents no extrinsic evidence.  As a result, the Court will treat this as a facial

9 attack and presume that the complaint's allegations are true.[1]

10 **III.** **Analysis.**

11   **A.** **Collateral Estoppel.**

12    Defendant argues that Plaintiff is collaterally estopped from relitigating his lack of

13 Article III standing.  Doc. 10 at 2.  In a recent order, Judge Murray Snow of this court

14 dismissed for lack of standing eleven cases filed by Plaintiff against other defendant-

15 hotels for alleged ADA violations.  *Gastelum v. Canyon Hospitality LLC*, No. CV-17-

16 02792-PHX-GMS, 2018 WL 2388047, at \*1-2, 10 (D. Ariz. May 25, 2018).[2]  Because

17 the eleven cases involved "substantially similar, boilerplate complaints" filed by Plaintiff,

18 Judge Snow found that the issue of standing affected all eleven cases.  *Id.* at \*2-3.  Judge

19 Snow held two evidentiary hearings at which Plaintiff testified.  *Id.* at \*2.  Based on those

---

[1] Defendant argues that Plaintiff is collaterally estopped from asserting Article III standing because of a prior decision in *Gastelum v. Canyon Hospitality LLC*, No. CV-17-02792-PHX-GMS, 2018 WL 2388047 (D. Ariz. May 25, 2018).  *See* Doc. 10 at 2. Reliance on the legal principle of collateral estoppel is not the same as presenting extrinsic evidence and seeking a factual determination.  In response to Defendant's motion, Plaintiff presents a declaration, a copy of the transcript from the evidentiary hearing held in *Canyon Hospitality LLC*, and a hotel reservation confirmation.  *See* Docs. 11-2, 11-3, 11-6.  These exhibits do not convert this jurisdictional challenge into a factual attack because, as *Safe Air for Everyone* makes clear, a challenge is factual if "the moving party" has presented affidavits or other evidence.  373 F.3d at 1039.  The Court has not considered Plaintiff's factual submissions.

[2] One of those dismissed cases involved a hotel owned by Defendant.  *See* Doc. 10 at 2, 5-6, 8; *Canyon Hospitality LLC*, 2018 WL 2388047, at \*10 (ordering the dismissal of *Gastelum v. Hilton Garden Inns Management LLC*, No. CV-18-00820-PHX-GMS).

hearings and evidence outside the pleadings, Judge Snow found that Plaintiff lacked (1) a concrete and particularized harm and (2) a likely injury in the future.  *Id.* at *6-10.

The complaint in this case is substantially similar to the boilerplate complaints in *Canyon Hospitality LLC*, and Defendant contends that this Court should give preclusive effect to Judge Snow's order.  Doc. 10 at 2, 6-8.  Plaintiff counters that collateral estoppel does not apply because this is "a completely different case relating to a completely different hotel with different factual allegations[.]"  Doc. 11 at 1.  He argues that *Canyon Hospitality LLC* relied on a finding that Plaintiff did not intend to return to those hotels and that this finding says nothing about Plaintiff's intent to return to the hotel at issue here.  *Id.* at 3.

Collateral estoppel, also known as issue preclusion, "bars 'successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment.'"  *ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 760 (9th Cir. 2014) (quoting *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008)).  The doctrine "applies only when the issues presented in each matter are identical.  The doctrine is inapplicable if the issues are merely similar."  *Fund for Animals, Inc. v. Lujan*, 962 F.2d 1391, 1399 (9th Cir. 1992).  In *South Delta Water Agency v. United States*, 767 F.2d 531, 538-39 (9th Cir. 1985), the defendants attempted to use a 1963 Supreme Court case, which held that the operation of a dam conformed to statutory requirements, to estop the plaintiffs from challenging the present operation of the dam.  The Ninth Circuit held that collateral estoppel did not apply because the current operation of the dam differed from the 1963 operation.  *Id.*  Different factual settings render collateral estoppel inapplicable.  *See also Bernstein v. Bankert*, 733 F.3d 190, 225-26 (7th Cir. 2013) (holding that a judgment for an insurer on pollution coverage at one site did not collaterally estop another action for pollution coverage at a different site because the two cases "necessarily depend on different sets of facts"); 18 Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice and Procedure § 4425

- 4 -

1    (3d ed. 1998) (it would be inappropriate to apply issue preclusion to "[t]wo entirely

2    unrelated accidents involving the same parties").

3         To be sure, the complaint in this case is similar to the complaints at issue in

4    *Canyon Hospitality LLC*.  Plaintiff alleges the same claims under the ADA and state law,

5    and details the same process by which he discovered the alleged violations: he first

6    reviewed a third-party booking website and then the Defendant's own website; he next

7    called the hotel to inquire about its ADA accessibility; and he then visited the hotel to

8    ascertain whether it was ADA compliant.  *Compare* Doc. 1, *with Canyon Hospitality*

9    *LLC*, 2018 WL 2388047, at *1-2.  As in the *Canyon Hospitality LLC* complaints, Plaintiff

10   alleges that he declined to book a room due to the ADA violations he noted during his

11   visit.  *Id.* at 15 ¶ 40.  Plaintiff likewise avows that he "intends to book a room at

12   Defendant's hotel once Defendant has removed all accessibility barriers."  *Id.* at 4 ¶ 16.

13   Other than naming a different hotel and different ADA violations, the complaint is

14   virtually the same as the complaints in *Canyon Hospitality LLC*.

15        Despite this similarity, this case involves a different set of facts.  Plaintiff is suing

16   a different hotel for different ADA violations, and the relevant standing issue is whether

17   his complaint sufficiently alleges an intent to return to Defendant's hotel, not another

18   hotel at issue in another case.  District courts are to make "case-by-case determinations"

19   of a plaintiff's injury-in-fact.  *Civil Rights Educ. & Enforcement Center v. Hospitality*

20   *Props. Trust*, 867 F.3d 1093, 1100 (9th Cir. 2017) (hereinafter *CREEC*); *see also D'Lil v.*

21   *Best W. Encina Lodge & Suites*, 538 F.3d 1031, 1040 (9th Cir. 2008) (noting that whether

22   a plaintiff visited the hotels she previously sued "says little about her intent to visit" the

23   hotel currently being sued).  Judge Snow made factual findings regarding the cases before

24   him.  Because this case involves different facts, collateral estoppel does not apply.

25        **B.    Res Judicata.**

26        Defendant also contends that the doctrine of res judicata precludes Plaintiff from

27   relitigating his standing in this case.  Doc. 10 at 8 n.6.  Res judicata, or claim preclusion,

28   "applies when there is (1) an identity of claims; (2) a final judgment on the merits;

and (3) identity or privity between the parties." *Garity v. APWU Nat'l Labor Org.*, 828 F.3d 848, 855 (9th Cir. 2016) (citation and quotation marks omitted). The first two of these requirements are missing. There is no identity of claims – Plaintiff sues over alleged ADA violations at an entirely different hotel. And there has been no final judgment on the merits in Judge Snow's cases. The Ninth Circuit has held that "a dismissal for want of personal jurisdiction is *not* a judgment 'on the merits' for the purposes of res judicata." *Ruiz v. Snohomish Cnty. Pub. Util. Dist. No. 1*, 824 F.3d 1161, 1164 (9th Cir. 2016) (emphasis in original). This reasoning extends to dismissals for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 41(b) ("Unless the dismissal order states otherwise, a dismissal . . . *except one for lack of jurisdiction*, improper venue, or failure to join a party under Rule 19[,] operates as an adjudication on the merits.") (emphasis added); *see also Hochendoner v. Genzyme Corp.*, 823 F.3d 724, 736 (1st Cir. 2016) ("[A] dismissal for lack of subject matter jurisdiction normally operates without prejudice. This approach makes eminently good sense since a want of jurisdiction deprives a court of the authority to enter a judgment on the merits[.] Courts routinely apply this principle to dismissals for lack of Article III standing.") (citations omitted). Res judicata does not apply.

## C. Standing.

Defendant relies entirely on collateral estoppel and res judicata. It makes no other argument, presents no factual materials, and has requested no factual determination. *See* Docs. 10, 13. But because federal courts are required *sua sponte* to examine jurisdictional issues such as standing, *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 954 (9th Cir. 2011), the Court will determine whether Plaintiff's pleadings are facially defective.

Standing requires (1) an injury-in-fact, (2) causation between the injury and the allegedly wrongful conduct, and (3) that the injury is likely to be redressed by a favorable decision from the court. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). Where a case is at the pleading stage, the plaintiff must allege facts demonstrating each

element. *CREEC*, 867 F.3d at 1099. An injury-in-fact must be "(a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Lujan*, 504 U.S. at 560 (internal quotations and citations omitted). "[A] party seeking review must allege facts showing that he is himself adversely affected." *Sierra Club v. Morton*, 405 U.S. 727, 740 (1972). There must be "'continuing, present adverse effects' stemming from the defendant's actions." *CREEC*, 867 F.3d at 1098 (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983)).

Under the ADA, "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, [or] facilities . . . of any place of public accommodation[.]" 42 U.S.C. § 12182(a). Hotels are places of public accommodation, *id.* at § 12181(7)(A), and Plaintiff has a disability as defined under the ADA, *id.* at § 12102. Plaintiff sufficiently alleges that the ADA violations caused his injury, and the injury is likely to be redressed by a favorable decision from the Court. The Court therefore will address only whether Plaintiff has alleged an injury-in-fact.

### 1. Actual or Imminent Injury.

An injury is "actual" if a person who is disabled "is currently deterred from patronizing a public accommodation due to a defendant's failure to comply with the ADA[.]" *Pickern v. Holiday Quality Foods Inc.*, 293 F.3d 1133, 1138 (9th Cir. 2002); *see also Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1041 (9th Cir. 2008) ("Allegations that a plaintiff has visited a public accommodation on a prior occasion and is currently deterred from visiting that accommodation by accessibility barriers establish that a plaintiff's injury is actual or imminent."). In *CREEC*, the Ninth Circuit clarified that a plaintiff need not personally encounter the barriers or personally visit the hotel. Injury arises from "the plaintiff's 'actual knowledge' of a barrier, rather than the source of that knowledge." *CREEC*, 867 F.3d at 1099.

Plaintiff alleges that he "visited the [Defendant's] hotel to independently verify that it was . . . suitable to accommodate his disability." Doc. 1 at 14 ¶ 38. During his visit, he "noted that the hotel was not compliant with the ADA," and his complaint lists

1   twelve specific accessibility barriers that he observed.  *Id.* at 14-15 ¶ 39.  Plaintiff alleges

2   that, "[a]s a result of [these] deficiencies," he "declined to book a room at the hotel."  *Id.*

3   at 15 ¶ 40.  He further alleges that "he is deterred from visiting [this] accommodation by

4   accessibility barriers and other violations of the ADA."  *Id.* at 4 ¶ 17.  These allegations,

5   which must be assumed true in this facial evaluation of jurisdiction, sufficiently assert

6   that Plaintiff's injury is actual or imminent.[3]

7   ### 2.    Likelihood of Future Injury.

8       Because Plaintiff seeks injunctive relief, he must also show that he is "likely to

9   suffer future injury."  *Lyons*, 461 U.S. at 105.  In *Chapman*, the Ninth Circuit discussed

10  two ways a plaintiff could demonstrate a likelihood of future harm.  631 F.3d at 948-50.

11  First, the plaintiff could show "an intent to return to a noncompliant accommodation," in

12  which event he would be "likely to reencounter a discriminatory architectural barrier."

13  *Id.* at 948-50; *see also D'Lil*, 538 F.3d at 1037.  Alternatively, a plaintiff can show that

14  "he is deterred from visiting a noncompliant public accommodation because he has

15  encountered barriers related to his disability there."  *Chapman*, 631 F.3d at 949.  In

16  *CREEC*, the Ninth Circuit found a sufficiently alleged injury to pursue injunctive relief

17  under this "deterrent effect doctrine" because the plaintiffs alleged "they intend to visit

18  the relevant hotels, but have been deterred from doing so by the hotels' noncompliance

19  with the ADA."  867 F.3d at 1099.

20      Plaintiff alleges continuing adverse effects under both theories.  He asserts that he

21  "intends to book a room at the Defendant's hotel once Defendant has removed all the

22  accessibility barriers . . . and has fully complied with the ADA."  Doc. 1 at 4 ¶ 16.  And

23  he alleges that he is "deterred from visiting that accommodation" due to "accessibility

24  barriers and other violations of the ADA."  *Id.* at 4 ¶ 17.  Taking the allegations of the

25

26  _____

    [3] Plaintiff also alleges injury from specific features at Defendant's hotel.  He
27  alleges that "he moves with the aid of a wheelchair or a prosthetic leg," and that "[a]t
    least one accessible route [with] a surface that is cross sloped steeper than 1:48 inches."
28  Doc. 1 at 1 ¶ 2, 15 ¶ 39(j).  This alleged ADA violation appears related to Plaintiff's
    mobility issues and provides factual support for his claim that he is deterred from using
    Defendant's hotel.  Plaintiff has alleged a concrete and particularized injury.

complaint as true and construing them in Plaintiff's favor, the Court concludes that he has sufficiently alleged a likelihood of future injury.[4]

**IT IS ORDERED** that Defendant's motion to dismiss (Doc. 10) is **denied**.

Dated this 11th day of July, 2018.

_____
David G. Campbell
United States District Judge

---

[4] In *Canyon Hospitality LLC*, Judge Snow did not find a real and immediate threat of repeated injury because Plaintiff failed to show that "he would otherwise visit [the hotels] in the course of his regular activities." 2018 WL 2388047, at *6-8. These conclusions were based on evidentiary hearings, not pleadings. The Court's facial analysis of standing is limited to the pleadings.